UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN MILES,
    Plaintiff

Case No. 1:05cv647

vs

CINCINNATI POLICE DETECTIVE
JOHN OTT,
    Defendant

**ORDER**
(Beckwith, J.)

Plaintiff, a resident of Cincinnati, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(I).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii). A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff, who is proceeding pro se, brings this action against John Ott, a detective with the City of Cincinnati Police Department. Plaintiff alleges that on December 31, 1990, he was arrested by the Cincinnati Police Department on charges of manslaughter and robbery. Plaintiff alleges he was then implanted with a computer chip by the police and, as a result, has suffered mental problems, black outs, and self-injury. He states he has attempted to contact the police officer responsible for the implantation of the computer chip, but no one at the police department will acknowledge the problem. As relief, plaintiff seeks "to have the chip remove[d]" and compensation for his pain and suffering.

In this case, plaintiff has failed to assert any claim with an arguable basis in fact or law, or alternatively, has failed to state a claim upon which relief may be granted in this federal court. Plaintiff's factual allegations rise to the level of delusional, irrational and "wholly incredible." In any event, plaintiff's claim would be barred by the applicable two year statute of limitations

for section 1983 claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). In addition, plaintiff's complaint alleges that both he and the defendant reside in Ohio. Therefore, there is no diversity of citizenship for purposes of diversity jurisdiction under 28 U.S.C. § 1332. There is no logical construction of plaintiff's complaint from which the Court can divine a viable claim against the defendant over which the Court might have jurisdiction.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal as frivolous, or alternatively, on the ground that the complaint fails to state a claim upon which relief may be granted. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**


Date: October 4, 2005                    s/Sandra S. Beckwith
                                         Sandra S. Beckwith, Chief Judge
                                         United States District Court