# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

---

JOHN MILES,
    Plaintiff

  vs                                                  Case No. C-1-05-647
                                                           (Beckwith, J)

CINCINNATI POLICE DETECTIVE      (Hogan, M.J.)
JOHN OTT,
        Defendant

---

## REPORT AND RECOMMENDATION
## and
## ORDER

---

      This matter is before the Court on Plaintiff's Motion to Reconsider Petitioner's Motion to Refile, which this Court construes as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), (Doc. 6), and Plaintiff's Motion to Appoint Counsel (Doc. 7).

      On October 4, 2005, the Court dismissed Plaintiff's Complaint as frivolous and alternatively, on the grounds that the Complaint fails to state a claim upon which relief may be granted. (*See* Doc. 4). Plaintiff argues that he was not permitted to cite the legal authority for his claim and thus, should be permitted to re-file his Complaint together with supporting evidence and legal authority.

      Rule 60(b) provides that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which

> by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

Plaintiff's motion appears to be brought pursuant to Fed. R. Civ. P. 60(b)(1), which permits relief from final judgment for the following reasons: mistake, inadvertence, surprise, or excusable neglect. In order to receive relief under Rule 60(b)(1), the plaintiff must demonstrate both the existence of the mistake, inadvertence, surprise, or excusable neglect, and a meritorious claim or defense. *Merriweather v. Wilkinson*, 83 Fed.Appx. 62, 2003 WL 22905293 at *2 (6th Cir. Nov. 25, 2003); *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156 (6th Cir. 1980). In this case, it appears that Plaintiff has not demonstrated a meritorious claim which could alter the District Court's decision and thereby entitle him to relief under Rule 60(b)(1).

>    Plaintiff, who is proceeding pro se, brought this action against John Ott, a detective with the City of Cincinnati Police Department. Plaintiff alleges that on December 31, 1990, he was arrested by the Cincinnati Police Department on charges of manslaughter and robbery. Plaintiff alleges he was then implanted with a computer chip by the police and, as a result, has suffered mental problems, black outs, and self-injury. He states he has attempted to contact the police officer responsible for the implantation of the computer chip, but no one at the police department will acknowledge the problem. As relief, Plaintiff seeks "to have the chip remove[d]" and compensation for his pain and suffering.

>    Plaintiff has failed to assert any claim with an arguable basis in fact or law, or alternatively, has failed to state a claim upon which relief may be granted in this federal court. Plaintiff's factual allegations rise to the level of delusional, irrational and "wholly incredible." In any event, Plaintiff's claim would be

barred by the applicable two year statute of limitations for section 1983 claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). In addition, plaintiff's Complaint alleges that both he and the defendant reside in Ohio. Therefore, there is no diversity of citizenship for purposes of diversity jurisdiction under 28 U.S.C. § 1332. There is no logical construction of Plaintiff's complaint from which the Court can divine a viable claim against the Defendant over which the Court might have jurisdiction. Plaintiff's procedural argument in his motion does not alter this Court's previous decision.

In light of our decision above, we find that Plaintiff's Motion to Appoint Counsel (Doc. 7) is moot and is therefore, denied as such.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's Motion to Reconsider Petitioner's Motion to Refile, which this Court construes as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), (Doc. 6), be DENIED.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's Motion to Appoint Counsel (Doc. 7) be DENIED AS MOOT.

Date: 1/10/2006  s/Timothy S. Hogan
_____
Timothy S. Hogan
United States Magistrate Judge

# NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 1/10/2006.  Any party may object to the Magistrate's findings, recommendations, and report within fifteen (15) days following the filing date of this report and recommendation or further appeal is waived.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

1: 05cv647

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name )    C. Date of Delivery |
| 1. Article Addressed to:<br><br>John Miles<br>559 Elberon Ave<br>Apt. 3<br>Cinti, OH 45205 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7004 0750 0003 9306 0981 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540